[No. 31365.   Department One.   July 7, 1950.]

MILTON N. EMERICK, JR., et al., Respondents, v. VERN BUSH et al., Defendants, A. P. MARIS et al., Appellants.[1]

Wright, Booth & Beresford and A. C. Grady, for appellants.

A. D. Gillies, for respondents.

DONWORTH, J.—This action was instituted by plaintiffs to recover from defendants Vern Bush and William L. Hein, copartners doing business as Bush & Hein, certain specified amounts due them for trucking and hauling timber and to foreclose loggers' liens for such amounts upon all bucked and felled timber located on certain real property of defendants A. P. Maris and Willamaud G. Maris, his wife. The defendants Bush & Hein did not defend and an order of default as to defendant Hein was entered. Defendant Bush was never served with summons and complaint.

[1]Reported in 220 P. (2d) 340.

At the close of all of the evidence the trial court, having overruled a motion for a reconsideration of the cause or a new trial, entered a decree in favor of plaintiffs in which it was

"ORDERED, ADJUDGED AND DECREED that each respective plaintiff has a lien upon the saw logs and timber products felled, bucked and cut into saw logs by the defendants, Vern Bush and William L. Hein, copartners, and now lying and being upon the following described lands, to-wit: [description of land owned by defendants Maris and wife] for labor performed and assistance rendered in trucking and hauling timber products from said lands and that each respective plaintiff have judgment in the respective amounts hereinafter stated against the defendants Vern Bush and William L. Hein, copartners, jointly so far only as the same may be enforced against the joint property of both of said defendants and the individual property of the defendant William L. Hein.

"IT IS FURTHER ORDERED that said liens be foreclosed and that the said saw logs and timber products so felled, cut and bucked and lying and being upon said lands be sold by the sheriff of Jefferson County, Washington according to law and the practices of this court and that the proceeds arising from said sale so far as necessary be applied to the satisfaction of this judgment in favor of the respective plaintiffs ratably and proportionately."

The final paragraph of the decree, specifying the amount of each plaintiff's judgment, is omitted.

From this decree A. P. Maris and wife have appealed.

The facts may be briefly summarized as follows: Appellants, owners of certain real property near Clearwater in Jefferson county, entered into a logging contract on April 1, 1948, with Bush & Hein. By the terms of the contract, Bush & Hein were granted the right to cut and remove the timber upon the land, subject to certain provisions and covenants. Pursuant to this stumpage contract, Bush & Hein logged appellants' property between April and November, 1948, when they ceased operations.

Respondents were severally engaged by Bush & Hein to haul logs for them "from their logging operations at Clearwater" to various places where the logs were dumped. Each

of them was a common carrier for hire, owning his truck, and hauled the timber at a rate fixed by the department of public service.

When Bush & Hein ceased operations, they owed respondents various sums for logs hauled. Respondents thereupon each filed lien claims upon all logs and timber located upon appellants' land, which had been felled and bucked but had not been hauled therefrom, and also upon certain logs, in the water at the Polson boom, which had been hauled by respondents.

Thereafter, respondents released their liens upon the logs at the Polson boom for a consideration of two hundred dollars paid to each respondent with the further understanding that Bush & Hein would resume logging operations and pay to respondents an additional $2.50 per thousand feet upon logs, to be subsequently hauled, to apply upon the amounts owed them respectively by Bush & Hein.

Bush & Hein did not resume operations, and respondents began the present action to enforce their liens upon the logs and timber on the property of appellants, which had been felled and bucked but which as yet had not been touched in any way by respondents.

This action was based upon the statutes dealing with logger's liens, Rem. Rev. Stat., §§ 1162-1181.

The question involved is stated in appellants' brief as follows:

"Does a logging truck owner operating as a common carrier for hire, at rates fixed by the Department of Public Service, have a lien upon logs that he never touched or hauled, which logs had been fallen and bucked by a logger under contract with the owner of the land upon which the logs were lying at the time the trucker asserted a lien thereon for hauling other logs belonging to the logger?"

In order to pass upon this question of statutory construction, we must first consider whether the findings of the trial court are adequate to present the question.

Appellants have made a number of assignments of error attacking certain findings of fact entered by the trial court.

Among those attacked are findings No. III and No. IV, which read as follows:

"*That the timber products trucked and hauled by plaintiffs were cut and removed from said lands* but that no plaintiff trucked or hauled, or otherwise worked upon, the identical logs felled and bucked and now remaining upon said lands and upon which plaintiffs claim liens.

"That the defendants A. P. Maris and Willamaude G. Maris, his wife, were at all times material to this action the owners of the lands and timber hereinafter described, subject to the logging contract of Bush & Hein and the lien claims of plaintiffs as hereinafter stated. That said owners did not personally employ plaintiffs or any of them." (Italics ours.)

The term "said lands" means appellants' lands which are legally described in a subsequent finding.

Appellants argue that there was an utter lack of proof that respondents were ever engaged by Bush & Hein to haul any logs from appellants' land or that respondents did so at any time.

■ We have searched the record with care and have been unable to find any evidence to support the italicized portion of finding No. III above quoted which appellants claim to have been erroneously made by the trial court.

The evidence shows that appellants' land on which Bush & Hein were logging was situated in sections 22 and 27, township 25 North, range 12 West W. M., which is near Clearwater in Jefferson county. It further shows that respondents were each hauling logs for Bush & Hein "from their logging operations at Clearwater." But there is no testimony or admission in the pleadings or other showing that respondents ever hauled any logs from appellants' property. This failure of proof is fatal to respondents' claims of lien against the bucked and felled logs on appellants' land.

■ Respondents state in their brief that there is no testimony or inference therefrom that Bush & Hein were logging on any lands near Clearwater other than appellants' property or that respondents hauled logs for them from any other lands. This statement is correct, but the lack of

affirmative proof of a vital fact may not be cured by the opposing litigant's failure to prove the negative thereof.

The burden was upon respondents to prove by direct testimony that the logs which they hauled for Bush & Hein were transported by them from appellants' land. In the absence of such proof, we do not reach the question of statutory interpretation discussed in the briefs.

For the reason above stated, we are therefore compelled to reverse those portions of the decree herein which established and foreclosed respondents' liens upon the saw logs and timber products felled, bucked and cut into saw logs by Bush & Hein and lying upon appellants' land.

Accordingly, the decree of the trial court is reversed with directions to strike therefrom the portions above indicated and to dismiss the action as to appellants.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and GRADY, JJ., concur.